| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:<br><br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: February 21, 2017 12:43 PM<br>FILING ID: 135496345E778<br>CASE NUMBER: 2017CV30664 |
| **Plaintiff:** TAMMY M. ALCOCK<br><br>**Defendants:** CONOCOPHILLIPS COMPANY fka CONOCO INC., Colorado Authority Terminated December 27, 2002 dba PHILLIPS 66 COMPANY CORP.; EAGLE CANYON CAPITAL, LLC fka CONVENIENCE RETAILERS, LLC; APRO LLC dba MY GOODS MARKET | ▲COURT USE ONLY▲<br><br>Case No.:<br><br>Division: |
| Attorneys for Plaintiff:<br>Name:     ALCOCK LAW GROUP, PC<br>              Tammy M. Alcock, Esq.<br>Address:  19751 E. Mainstreet, Suite 210<br>              Parker, CO 80138<br>Phone No.: (303) 993-5400<br>Atty. Reg. #: 39816<br>Tammy@Alcocklawgroup.com | |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

Plaintiff, Tammy M. Alcock, hereby submits her Complaint for Damages and Jury Demand, and states as follows:

**JURISDICTION AND VENUE**

1.     Upon information and belief, at all times relevant herein, Defendant CONOCOPHILLIPS COMPANY fka CONOCO INC., Colorado Authority Terminated December 27, 2002 dba PHILLIPS 66 COMPANY CORP. ("Conoco") was a Delaware corporation with its principal place of business located at 600 N Dairy Ashford, Houston TX 77079.

2. Defendant Conoco is a foreign corporation with a Registered Agent in the State of Colorado of Corporation Service Company, 1560 Broadway, Suite 2090, Denver CO 80202.

3. Upon information and belief, Defendant EAGLE CANYON CAPITAL, LLC fka CONVENIENCE RETAILERS, LLC ("Eagle") was a Delaware limited liability company with its principal place of business at 7180 Koll Center Parkway, Suite 100, Pleasanton, CA 94566.

4. Upon information and belief, Defendant APRO LLC dba MY GOODS MARKET ("APRO") was a Delaware limited liability company with its principal place of business at 1500 7th Street, Denver, CO 80204.

5. Conoco owned and/or possessed real property and/or owned and/or operated a gas station and/or convenience store located at 7680 Pena Blvd, Denver, Colorado at Denver International Airport.

6. Eagle owned and/or operated a gas station and/or convenience store located at 7680 Pena Blvd, Denver, Colorado.

7. APRO owned and/or operated a gas station and/or convenience store located at 7680 Pena Blvd, Denver, Colorado.

8. Eagle is a foreign limited liability company with a Registered Agent in the State of Colorado at The Corporation Service Company, 1560 Broadway Suite 2090, Denver, CO 80202.

9. APRO is a foreign limited liability company with a Registered Agent in the State of Colorado at The Corporation Company, 7700 E Arapahoe Rd, Suite 220, Centennial CO 80112-1268.

10. The injury described below occurred in Denver County, Colorado.

11. Venue is proper in Denver County, Colorado pursuant to C.R.C.P. 98.

**FACTUAL ALLEGATIONS**

12.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 to 11 above as though fully set forth herein.

13.     At all times relevant herein, Defendants Conoco, Eagle and APRO controlled and/or were responsible for maintaining the gas station, gas pumps, driveways, parking areas and convenience store located at 7680 Pena Blvd, Denver, CO ("Premises").

14.     At all times relevant herein, Conoco had a duty to exercise reasonable care to maintain the Premises, including preventing petroleum products from being deposited onto the concrete, inspecting the Premises to discover the same, to warn customers, and to remove or otherwise appropriately remedy any petroleum products or other substances deposited onto the concrete areas of the Premises.

15.     At all times relevant herein, Eagle had a duty to exercise reasonable care to maintain the Premises, including preventing petroleum products from being deposited onto the concrete, inspecting the Premises to discover the same, to warn customers, and to remove or otherwise appropriately remedy any petroleum products or other substances deposited onto the concrete areas of the Premises.

16.     At all times relevant herein, APRO had a duty to exercise reasonable care to maintain the Premises, including preventing petroleum products from being deposited onto the concrete, inspecting the Premises to discover the same, to warn customers, and to remove or otherwise appropriately remedy any petroleum products or other substances deposited onto the concrete areas of the Premises.

17.     On or about February 27, 2016, at approximately 10:00 a.m., petroleum products

were present on the concrete near one of the gas pumps, constituting a dangerous condition on the Premises.

18. At the above date and time, Plaintiff entered the Premises to purchase gasoline in her rental car and was, therefore, a business invitee of Defendants and was legally on the Premises.

19. Plaintiff slipped and fell on petroleum products located on the concrete adjacent to the gas pump she was using to pump gas.

20. Plaintiff sustained a spiral fracture of her right fibula as a result of the fall.

21. Plaintiff lay on the concrete for some time after the fall and none of Defendants' employees came to help.

22. Plaintiff was unable to walk unassisted and therefore, entered her car, and drove to the car rental company where she obtained assistance.

23. Plaintiff has undergone extensive medical treatment and physical therapy as a result of the fall.

24. Plaintiff was not negligent and did not cause her injuries.

25. There was no sand, cat litter or other materials on the concrete in or around the area where Plaintiff slipped and fell. There were no warnings regarding the dangerous conditions.

26. Defendants Conoco, Eagle and APRO knew, or in the exercise of reasonable care should have known, that the concrete described above was covered with petroleum products.

27. Petroleum products are a known dangerous condition for owners and operators of gas stations like Conoco, Eagle and APRO.

28. Defendants Conoco, Eagle and APRO knew, or in the exercise of reasonable care

should have known that the petroleum deposited onto the concrete posed a hazard to customers such as Plaintiff who were business invitees at the Premises.

29. Defendants Conoco, Eagle and APRO knew, or in the exercise of reasonable care should have known that invitees such as Plaintiff would utilize the gas pumps and would walk on the concrete around such pumps at the aforementioned date and time.

30. Defendants Conoco, Eagle and APRO knew, or in the exercise of reasonable care should have known that the concrete on the Premises needed to be clear of petroleum products to ensure the safety of Plaintiff and other invitees.

31. Defendants Conoco, Eagle and APRO failed to clean or remove the petroleum products or to apply sand or litter so as to appropriately eliminate the dangerous condition present on the Premises at the date and time Plaintiff slipped and fell.

32. Defendants Conoco, Eagle and APRO failed to warn of the dangerous condition present on the Premises at the date and time Plaintiff slipped and fell.

33. As a direct and proximate result of the aforementioned dangerous condition at the Premises, Plaintiff suffered serious injuries requiring extensive medical treatment and rehabilitation.

34. As a further direct and proximate result of encountering the dangerous condition described above, Plaintiff sustained economic damages including, but not limited to, medical expenses, rehabilitation expenses, wage loss and other damages for personal assistance.

35. As a further direct and proximate result of encountering the dangerous condition described above, Plaintiff sustained non-economic damages including, but not limited to, pain and suffering, inconvenience, loss of enjoyment of life, impairment of quality of life and emotional stress.

36. Defendants' failure to reasonably maintain the Premises in a safe condition was the direct and proximate cause of Plaintiff's injuries and damages described herein.

## FIRST CLAIM FOR RELIEF
**(Statutory Premises Liability, §13-21-115, C.R.S.—Against Conoco)**

37. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 to 36 above as though fully set forth herein.

38. Defendant Conoco was a "landowner" of the Premises and had a duty to use reasonable care to maintain the premises in a reasonably safe manner on the date and place set forth above pursuant to §13-21-115, C.R.S.

39. Plaintiff's conduct in walking on the concrete around the gas pumps was foreseeable as were the injuries Plaintiff sustained and the manner in which they were sustained.

40. Defendant Conoco knew, or should have known, that a dangerous condition existed on the Premises at the time and date of Plaintiff's injury.

41. Defendant Conoco had a duty to use reasonable care to protect Plaintiff and other users of the Premises against the dangerous condition described above and failed to do so.

42. Defendant Conoco had a duty to warn Plaintiff of the dangerous condition of the Premises and failed to do so.

43. Defendant Conoco's failure to exercise reasonable care was a direct and proximate cause of Plaintiff's injuries and damages as described above.

## SECOND CLAIM FOR RELIEF
**(Statutory Premises Liability, §13-21-115, C.R.S.—Against Eagle)**

44. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 to 36 above as though fully set forth herein.

45. Defendant Eagle is a "landowner" of the Premises had a duty to use reasonable

care to maintain the premises in a reasonably safe manner on the date and place set forth above pursuant to §13-21-115, C.R.S.

46. Plaintiff's conduct in walking on the concrete around the gas pumps was foreseeable as were the injuries Plaintiff sustained and the manner in which they were sustained.

47. Defendant Eagle knew, or should have known, that a dangerous condition existed on the Premises at the time and date of Plaintiff's injury.

48. Defendant Eagle had a duty to use reasonable care to protect Plaintiff and other users of the Premises against the dangerous condition described above and failed to do so.

49. Defendant Eagle had a duty to warn Plaintiff of the dangerous condition of the Premises and failed to do so.

50. Defendant Eagle's failure to exercise reasonable care was a direct and proximate cause of Plaintiff's injuries and damages as described above.

### THIRD CLAIM FOR RELIEF
**(Statutory Premises Liability, §13-21-115, C.R.S.—Against APRO)**

51. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 to 36 above as though fully set forth herein.

52. Defendant APRO is a "landowner" of the Premises had a duty to use reasonable care to maintain the premises in a reasonably safe manner on the date and place set forth above pursuant to §13-21-115, C.R.S.

53. Plaintiff's conduct in walking on the concrete around the gas pumps was foreseeable as were the injuries Plaintiff sustained and the manner in which they were sustained.

54. Defendant APRO knew, or should have known, that a dangerous condition existed on the Premises at the time and date of Plaintiff's injury.

55. Defendant APRO had a duty to use reasonable care to protect Plaintiff and other users of the Premises against the dangerous condition described above and failed to do so.

56. Defendant APRO had a duty to warn Plaintiff of the dangerous condition of the Premises and failed to do so.

57. Defendant APRO's failure to exercise reasonable care was a direct and proximate cause of Plaintiff's injuries and damages as described.

WHEREFORE, Plaintiff prays for judgment against the Defendants Conoco, Eagle and APRO in an amount to be determined at trial including:

- Economic damages;
- Non-economic damages;
- Special damages;
- Pre- and post-judgment interest;
- Costs; and
- Such other and further relief as may be just.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES.**

Dated: February 21, 2017
ALCOCK LAW GROUP, PC

*/s/ Tammy Alcock*

_____
Tammy M. Alcock, Esq.

Plaintiff's Address
c/o Alcock Law Group, PC
19751 E. Mainstreet, Suite 210
Parker, CO 80138